**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-20532-CIV-LENARD/TORRES

CATALINA RENTAL APARTMENTS, INC.,

      Plaintiff,

vs.

PACIFIC INSURANCE COMPANY, LTD.,

      Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS/FOR SANCTIONS**

This matter is before the Court on Defendants Motion to Dismiss Plaintiff's Complaint and/or For Sanctions [D.E. 67] that relates to Plaintiff's compliance with Fed. R. Civ. P. 30(b)(6). The Court has reviewed the Motion, the Response and Reply, the exhibits attached thereto consisting principally of the corporate representative deposition taken of Plaintiff, and the entire record. The matter is ripe for disposition.

### I. BACKGROUND

This is a breach of contract action to recover under an insurance policy issued by the Defendant. The insurance policy covers various properties owned by the Klasfeld family, including the apartment complex at issue here. The Plaintiff alleges that the plumbing in that apartment complex was damaged when the former maintenance supervisor, Wilhelm Gaston, caused his subordinates to pour muriatic acid down the drain pipes. Plaintiff filed an insurance claim for the cost of tearing out and replacing damaged pipes and for business interruption losses that occurred while the construction repairs took place.

The Plaintiff is a corporate entity that owns the apartment complex. Plaintiff is a close corporation owned by Jon Klasfeld and his wife. The only family members with any knowledge about the subject dispute are Jon Klasfeld and his son, Alan Klasfeld. Both individuals were deposed in the case. The deposition of Jon Klasfeld, who served as the Plaintiff's corporate representative, lasted for two days, during which Mr. Klasfeld responded to lengthy questioning regarding a multitude of issues in the case. Defendant points out, however, that with respect to several issues he could not answer and did not know the answer to certain questions, either based on his personal knowledge or the collective knowledge of the corporation. On several occasions, he was able to say that other persons, including other employees involved or the contractors hired to repair the damage, would know the answers to the questions posed. At times, he adopted what they had to say as his answer.

Defendant's discovery efforts in the case were not limited to this corporate representative deposition. Defendant obtained substantial written discovery from Plaintiff and its contractors, and apparently took many depositions (apparently by agreement beyond the normal ten deposition limit). Defendant has pursued this discovery in order to show that there is no coverage under the Defendant's policy, for which a critical issue is whether or not the damage caused was the result of an intentional act. In addition to the deposition of the primary actor Gaston, Defendant has taken the depositions of other maintenance employees about the use of muriatic acid, the private investigator hired by Plaintiff to interview them, depositions of Paula and Larry Zabik from Zabik & Associates, the contractor the Plaintiff hired to conduct the repairs. The Defendant also deposed Plaintiff's accountant, Robert Berney; Elliot Sachrow, a former employee of Mizner who oversaw the repairs before Plaintiff realized the full nature and extent of the damages and

Pasquale Cuccaro, the public adjuster hired by Plaintiff who initially presented the insurance claim.

Defendant's pending Motion nevertheless argues that the draconian relief of dismissal is warranted in this case because Mr. Klasfeld failed to answer several material questions in the case, which a corporate representative should have answered pursuant to Rule 30(b)(6).  Defendant argues that Mr. Klasfeld should have known the answers to these questions or properly educated himself through other persons with knowledge so that he could state the corporation's position as to those unanswered questions.  Plaintiff argues that Mr. Klasfeld answered most of the questions posed to him over two days of deposition, and as to those that he could not he did his best to explain why the corporation did not know or point Defendant to the testimony of other witnesses in the case who could answer the questions and had the requisite knowledge.  Plaintiff argues that by adopting these witnesses' answers as being the most knowledgeable, Plaintiff satisfied its obligations under Rule 30(b)(6).

## II.  ANALYSIS

Rule 30(b)(6) provides:

> [A] party may . . . name as the deponent . . . a . . . corporation . . . and describe with reasonable particularity the matters on which examination is requested.  In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

Therefore, upon receipt of the notice, the corporation "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject

matters.'"  *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations omitted); *see also Gucci America, Inc. v. Costco Cos. Inc.,* 2000 WL 60209, at *3 (S.D.N.Y. Jan. 24, 2000); *Starlight Int'l, Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999).

If it becomes obvious that one corporate designee is deficient, the corporation is obligated to provide a substitute or additional designees to comply with the corporation's obligations under Rule 30(b)(6).  *See Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D. Neb. 1995); *Sony Electronics, Inc. v. Soundview Technologies, Inc.,* 217 F.R.D. 104, 112 (D. Conn. 2002).  "Any other interpretation of the Rule would allow the responding corporation to 'sandbag' the depositional process 'by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.'"  *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D. Minn. 2000) (quoting *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996)).

That obligation applies, for instance, where the corporation must respond to the actions of former employees, *e.g., United States v. Massachusetts Indus. Fin. Agency,* 162 F.R.D. 410, 412 (D. Mass.1995) (rejecting corporations' arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation), or respond to the effect of documents or events that may not have been generated or prepared for the corporate representative, *e.g., Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002) (a corporation "must provide its interpretation of documents and events" in a Rule 30(b)(6) deposition).

On the other hand, the corporation's obligation under Rule 30(b)(6) does not mean that the witness can *never* answer that the corporation lacks knowledge of a certain fact. The absence of knowledge is, by itself, a fact that may be relevant to the issues in a given

case. And, there is nothing in the Rule that prohibits a corporation from adopting the testimony or position taken by other witnesses in a case. That is indeed the essence of a corporation's obligation to provide its interpretation of documents and events, after having learned of other persons' account of events either by interviewing those persons or reviewing their deposition testimony. *See, e.g., United States v. Tayulor,* 166 F.R.D. at 362 ("The Court agrees with the Plaintiff that UCC must prepare deponents by them having review prior fact witness deposition testimony as well as document and deposition exhibits. In this manner, UCC can state its corporate position at the Rule 30(b)(6) deposition with regard to the prior deposition testimony.").

In this case, the Court finds that the vast majority of the sanctionable items raised in the Motion fall in this latter category. For instance, Mr. Klasfeld answered questions asking for the specifics of how the alleged damage occurred by saying that he did not know about what had occurred, and was unaware that Gaston had directed subordinate employees to pour muriatic acid down the drain pipes, until after he had hired a private investigator to look into the matter. Mr. Klasfeld referred the Defendant to the results of the investigation by the private investigator for additional details. That testimony does not run afoul of the Rule and certainly constitutes a good faith response to the inquiry.

In a case against a large multi-employee corporation, Defendant's arguments may have greater resonance, because one would expect that many persons within the corporation have knowledge and, thus, the representative must become aware of the collective knowledge of the other employees. In this case, there is no showing that there is *anyone* in this closed corporation who has any more knowledge than what was provided during the deposition. Indeed, Defendant makes no such argument, and concedes that the two persons within the corporation with the most knowledge were deposed. Therefore, the fundamental purpose behind the Rule does not truly apply here. The Court or

Defendant are not left to wonder, based upon the representative's claim of lack of knowledge, whether there are others inside the corporation who have corporate knowledge that has not been disclosed. And, under these circumstances, the fact that the corporation's management was unaware that muriatic acid was being used to clear drain pipes until a private investigator was hired is a simple statement of fact and not a violation of Plaintiff's discovery obligations.

Similarly, the witness's answer deferring to the lawyers what specific provisions of the Complaint mean does not constitute a failure to testify under the Rule. A corporation has no obligation to "know" any more than an individual party would know. Clearly, had an individual party answered some of those questions in the same way, Defendant could not have moved to dismiss the complaint simply because the witness did not know what was meant by the "compliance of all conditions precedent." At the same time, of course, the witness's failure to provide any facts with respect to that allegation may have consequences, i.e. there are no facts to support the allegation if in fact there is some issue of condition precedent in the case. The Defendant can rely upon that non-answer in support of its position. That is not sanctionable; it is entirely customary and appropriate in litigation.

With respect to other issues, such as Mr. Klasfeld's answers that he did not know whether the business interruption has been completed or not, did not know the amount of the business interruption claim, and did not know what had been done to determine the amount of the business interruption loss, the non-answers are also fodder for impeachment, but not a ground to dismiss the complaint. Here too the corporation is potentially jeopardizing its business interruption claim by not having sufficient facts to support the factual basis for the claim. That will surely be useful for Defendant in arguing to the Court or jury that there was indeed no real business interruption here, for

if it had occurred, the corporation would have been able to identify its parameters. There is no showing, however, that anyone else in the corporation has such knowledge than was already provided, and there is no showing that Mr. Klasfeld's answers suggest any bad faith on his or the corporation's part.

Finally, Mr. Klasfeld's express adoption of other persons' testimony, whether in regard to the muriatic acid event or the damages caused from that event, is by itself an "answer" that the corporation is providing. His responses adequately set forth the corporation's position as to the questions asked. The corporation will thus be bound by the answers of other witnesses, and if the corporation tries to testify differently at trial the other witnesses' answers will surely be the basis of impeachment. But, again, that is a matter for the trier of fact to consider, not a basis to dismiss the complaint or enter any sanctions under Rule 30(b)(6), at least where it has not been shown that anyone else in the corporation should have that knowledge.

### III.   CONCLUSION

The Court finds nothing sanctionable in the answers provided during a two-day, 365 page deposition, of a corporation representative. There has been no showing of bad faith in the answers provided or in the preparation for the deposition. Therefore, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint and/or For Sanctions [D.E. 67] is **DENIED**.

**DONE** and **ORDERED** in Chambers, at Miami, Florida this 23rd day of March, 2007.

EDWIN G. TORRES
United States Magistrate Judge