**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-20532-CIV-LENARD/TORRES

CATALINA RENTAL
APARTMENTS, INC.,

    Plaintiff,

vs.

PACIFIC INSURANCE
COMPANY, LTD.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO**
**STRIKE DEFENDANT'S EXPERT WITNESS**

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Defendant's Expert Witnesses for Failure to Timely Furnish Court Ordered Expert Summaries or Reports [**D.E. 93**] filed on February 21, 2007. The Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636. [D.E. 95]. After considering the Motion, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Expert Witness [D.E. 94], and Plaintiff's Reply in Support of its Motion to Strike Defendant's Expert Witness [D.E. 96], Plaintiff's Motion to Strike Defendant's Expert is **DENIED**, for the reasons set forth below.

*I. BACKGROUND*

On January 25, 2006, Plaintiff Catalina Rental Apartments, Inc. ("Plaintiff") brought action in the 11th Circuit Court for Miami-Dade County seeking damages for Defendant Pacific Insurance Company, Ltd.'s ("Defendant") alleged failure to provide coverage under an insurance policy. [D.E. 1, at 1-2]. Defendant removed the action to

this court on March 3, 2006, asserting 28 U.S.C. § 1332 diversity jurisdiction. [D.E. 1, at 3].

The Court entered an order adopting the parties' joint scheduling report on June 13, 2006 [D.E. 27]. The Scheduling Order set the following pretrial deadlines: by January 5, 2007, all fact discovery must be completed; by January 5, 2007, Plaintiff must furnish an expert witness list to Defendant along with summaries/reports required by S.D. Fla. Local Rule 16.1(K); by February 5, 2007, Defendant must furnish an expert witness list to Plaintiff along with summaries/reports required by S.D. Fla. Local Rule 16.1(K); and by March 15, 2007, all expert discovery must be completed. [D.E. 27, at 2]. Trial was set for the two-week calendar commencing September 17, 2007, with Pretrial Conference set for August 29, 2007. [D.E. 27, at 1]. With respect to both Plaintiff and Defendant's expert witness lists, the Scheduling Order states that "only those [listed] expert witnesses shall be permitted to testify." [D.E. 27, at 2].

On December 15, the Court extended fact discovery for supplemental witnesses to February 5, 2007,[1] the same date on which Defendant was to furnish its expert witness list and reports to Plaintiff. [D.E. 54].[2]

On January 31, 2007, Defendant filed a Motion to Extend Pre-Trial Deadlines, specifically the date by which Defendant was to furnish expert witness reports, alleging that Plaintiff had failed to identify several key fact witnesses in its responses to

---

[1] Defendant sought an extension of time to furnish a list of supplemental fact witnesses, anticipating that after deposing Plaintiff's numerous fact witnesses additional fact witnesses would be identified. [D.E. 49]. In granting the extension, the Court extended the entire fact discovery deadline to allow adequate time for Plaintiffs to depose these supplemental witnesses. [D.E. 54].

[2] The other deadlines set forth in the Scheduling Order remained the same, including the date by which Defendant was to furnish an expert witness list and reports/summaries, and the date by which discovery was to be completed.

interrogatories. [D.E. 77, at 2]. The Court denied Defendant's motion on February 17, 2007, as fact discovery had already closed. [D.E. 92].

On February 5, 2007, Defendant disclosed four expert witnesses to the court and to Plaintiff but failed to provide reports or summaries for each of the four witnesses. [D.E. 82]. Without requesting that this court compel Defendants to provide such reports or summaries, Plaintiffs "in an abundance of caution," subsequently scheduled depositions of Defendant's four listed expert witnesses. [D.E. 93, at 2]. Each of the depositions were to take place prior to the March 15, 2007 discovery deadline. [D.E. 94, at 6].

Plaintiff served on Defendant the reports of each of its expert witnesses [D.E. 94, at 1-2], the two latest reports served on March 2, 2007. [D.E. 96, at 2].

After deposing each of Defendant's expert witnesses, Plaintiff filed this Motion to Strike Defendant's Expert Witnesses, alleging that Defendant's failure to comply with the June 13, 2006 Scheduling Order and the February 17, 2007 Order Denying an Extension of Time to Complete Discovery warrants the preclusion of these expert witnesses from testifying. [D.E. 93 at 2].

## II. ANALYSIS

S.D. Fla. Local Rule 16.1(K) provides that "[w[here expert opinion evidence is to be offered at trial, summaries of the expert's anticipated testimony or written expert reports . . . shall be exchanged by the parties no later than 90 days prior to the pretrial conference." Fed. R. Civ. P. Rule 37(c)(1) further provides that "a party that *without substantial justification* fails to disclose [required information]... is not, *unless such failure is harmless*, permitted to use as evidence at trial... any witness or information not so disclosed." (emphasis added).

Applying these Rules together, therefore, a court can only strike an expert witness where the party failed to timely disclose a summary or report for that witness if that party

had no substantial justification for its failure and/or the failure prejudices the opposing party. *United States v. Batchelor-Robjohns,* 2005 WL 1761429 (S.D. Fla. 2005) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Vance v. United States*, 1999 WL 455435 (6th Cir. 1999); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). The district court has broad discretion in determining whether a violation is justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Although any failure to follow the letter of the Court's rules is unacceptable, absent agreement and Court approval, in the present case, Defendant *did* supply Plaintiff with a list of experts and their reports, albeit several days after such reports were due. The Court finds that Plaintiff was not prejudiced by Defendant's late disclosure, as Plaintiff clearly had sufficient time between March 2, 2007 and March 15, 2007[3] to prepare for its depositions and to depose the four expert witnesses prior to the discovery deadline and as previously scheduled.

In *Poe v. Carnival Corp.*, 2007 WL 129007, *3 (S.D. Fla. 2007), the Court refused to strike a witness, whom defendant was forced to depose very soon before the trial because of the plaintiff's late submission of a summary report, because the defendant had failed to timely object to the late submission. *Poe* reasoned that although the defendant did communicate with the plaintiff in an effort to obtain the summary without court intervention, "it was still incumbent on Defendant to preserve the ability to object . . . by making the appropriate motion or motions as contemplated by the rules far sooner than

---

[3] The record is unclear as to the date on which Defendant served Plaintiff with summaries for expert witnesses Swanger and Cowheard. Defendants apparently had even longer than this thirteen day period to prepare for depositions of Swanger and Crowhead, as Plaintiff only alleges prejudice with respect to depositions of expert witnesses Rodriguez and Wills. [D.E. 96, at 3-4].

it did." *Id.* at *3. The defendant's "delay and failure to take appropriate action at the appropriate time constitutes a clear waiver of the right to object to Plaintiff's late disclosure." *Id.* at *3.

Here, given that obtaining summaries for Defendant's expert witnesses was important for the Plaintiff, Plaintiff could have exercised much less drastic means to enforce its rights, rather than a subsequent motion to strike, such as a timely motion to compel the summaries or direct communications with Plaintiff's counsel prior to the scheduled depositions. Plaintiff, however, waited until after its depositions were completed and the period for discovery had ended to address Defendant's pre-existing failure to comply with the scheduling order, an issue which arose immediately after the summaries were due and Plaintiff failed to furnish them (on February 5, 2007). In other words, rather than immediately avoiding the alleged prejudice, Plaintiff sat on its rights and then sought a sanction potentially fatal to Defendant's entire defense.[4]

Plaintiff in the present case arguably could have relied on the Court's order denying Defendant's motion to extend the deadline to furnish expert summaries as compelling Defendant to immediately furnish the expert summaries. However, the Court denied the motion on February 17, 2007, and Plaintiff still acquiesced for almost a month before filing the present motion.

---

[4] Related to Plaintiff's failure to preserve the present objection, Defendant raises the potentially valid argument that Plaintiff failed to comply with S.D. Fla. Local Rule 7.1(A)(3), which requires that counsel for the moving party confer or make a reasonable effort to confer with opposing counsel to resolve the issue prior to filing a motion with the court. This court need not determine whether Plaintiff's counsel's email to Defendant's counsel the evening before this motion was filed amounts to a "reasonable effort to confer" under the Rule, as the present motion is denied for alternative reasons. However, considering that Plaintiff's actions appear to be an attempt to comply with the Local Rule and nothing more, the court finds that Plaintiff did not even make an informal attempt to avoid the alleged prejudice before it filed the present motion.

Moreover, striking Defendant's expert witnesses would be a harsh sanction, especially considering that there is no evidence of bad faith on the part of the Defendant and that the expert testimony is fundamental to Defendant's case. [D.E. 94, at 4]. Excluding this "critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception of 'flagrant disregard' of a court order by the proponent of the evidence." *Quinn v. Consolidated Freightways Corp. of Del.*, 283 F.3d 572, 576-77 (3rd Cir. 2002).

Refusing to strike Defendant's witnesses need not render the Scheduling Order meaningless, however, as other sanctions are available under Fed. R. Civ. P. Rule 37(c)(1) for a failure to comply with the Scheduling Order. The Rule provides that "[i]n addition to or in lieu of (excluding the evidence), the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). These potential sanctions include requiring payment of reasonable attorney's fees and expenses caused by the failure to comply, informing the jury of the failure to comply, or a specific order regarding the evidence under Rule 37(b)(2)(A-C). Such relief was never timely requested, however, and the record reveals insufficient prejudice to Plaintiff's case from the untimely reports to justify even these sanctions at this stage of the case.

### III.   CONCLUSION

Based upon a thorough review of the Plaintiff's Motion to Strike, Defendant's Response to Plaintiff's Motion, and Plaintiff's Reply, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Expert Witnesses for Failure to

Timely Furnish Court Ordered Expert Summaries or Reports is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of April, 2007.

                                      _____
                                      EDWIN G. TORRES
                                      United States Magistrate Judge